# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>RICHARD JONATHAN EDEN, an individual,<br><br>　　　　Defendant,<br><br>　　　　and<br><br>EDEN&HILE, INC., a private California corporation,<br><br>　　　　Relief Defendant | Case No.: 2:22-cv-04833-DOC-JPR<br><br>Hon. David O. Carter<br><br>**FINAL JUDGMENT AS TO DEFENDANT EDEN&HILE, INC.** |

The Securities and Exchange Commission having filed a Complaint and Relief Defendant Eden&Hile, Inc. ("Defendant") having entered a general appearance, consented to the Court's jurisdiction over Defendant and the subject matter of this action, consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $303,000.00, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $15,498.45.  Defendant shall satisfy this obligation by paying $318,498.45 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant operated ultimately as a "pass through" of its ill-gotten gain for the benefit of its co-Defendant, Richard Jonathan Eden.  Therefore, any amount up to and including the $318,498.45 that Defendant Richard Jonathan Eden is ordered to pay in disgorgement (and in fact does pay), should offset the amount by which Defendant Eden&Hile, Inc. is obligated to pay pursuant to this judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by

certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Eden&Hile, Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

      The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

      Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

      The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any

distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this judgment.

## III.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this judgment forthwith and without further notice.

Dated: January 9, 2023

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE