UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>RICHARD JONATHAN EDEN, an individual,<br><br>　　　　Defendant,<br><br>　　　　and<br><br>EDEN&HILE, INC., a private California corporation,<br><br>　　　Relief Defendant | Case No.: 2:22-cv-04833-DOC-JPR<br><br>Hon. David O. Carter<br><br>**FINAL JUDGMENT AS TO DEFENDANT RICHARD JONATHAN EDEN** |

The Securities and Exchange Commission having filed a Complaint and Defendant Richard Jonathan Eden ("Defendant") having entered a general appearance, consented to the Court's jurisdiction over Defendant and the subject matter of this action, consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)(1)] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, to effect transactions in, or induce or attempt to induce the purchase or sale of, securities (other than an exempt security or commercial paper, bankers' acceptance, or commercial bills) unless Defendant is registered in accordance with Section 15(b) or the Exchange Act [15 U.S.C. § 77␣o(b)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 15(b)(6)(B)(i) of the Exchange Act [15 U.S.C. §

78o(b)(6)(B)(i)] by, without the consent of the Securities and Exchange Commission, and while an order, issued pursuant to Section 15(b)(6)(A) of the Exchange Act [15 U.S.C. § 78o(b)(6)(A)], is in effect in regard to Defendant, willfully becoming, or being, associated with a broker or dealer in contravention of such order.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a)

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is permanently restrained and enjoined from, directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, soliciting any person or entity to purchase or sell any security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $303,000.00, representing net profits gained as a result of the conduct alleged in the Complaint, together with

prejudgment interest thereon in the amount of $15,498.45, and a civil penalty in the amount of $207,183.00 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $525,681.45 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

  Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center  
Accounts Receivable Branch  
6500 South MacArthur Boulevard  
Oklahoma City, OK 73169  

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Richard Jonathan Eden as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

  The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

  The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt

Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.  Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related

Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

**V.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code [11 U.S.C. § 523], the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty, or other amounts due by Defendant under this judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code [11 U.S.C. § 523(a)(19)].

**VI.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this judgment.

**VII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this judgment forthwith and without further notice.

Dated:  January 9, 2023

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

6